```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

R. TAMARA de SILVA,

        Plaintiff,        Case No. 11 C 4259

   v.

SALVATORE CINQUEGRANI,        Hon. Harry D. Leinenweber

        Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss. For the reasons stated herein, the Motion is granted and the Complaint is dismissed without prejudice.

### I. BACKGROUND

Plaintiff, R. Tamara de Silva, is a Chicago resident who has an idea for a computer program that can predict changes of volatility in the trading markets. She claims she developed proprietary algorithms and methods to measure and predict volatility changes. Defendant, Salvatore Cinquegrani, is a California resident and the CEO and owner of several software development firms.

For a time the two lived close to one another (the Complaint does not say where) and were "friendly with one another." Pl.'s Compl. 2. Plaintiff alleges Defendant promised her he would help her translate her ideas into cold, hard computer code. Upon this

representation, she says, she abandoned the computer programmer with whom she was working. Since January 2011, she spent more than 100 hours with Defendant working up a software program.

But, as is so often the case when things reach the Court, the two had a falling out. On June 20, 2011, Plaintiff demanded her information back as well as the software that had been developed to that point. She says Defendant initially promised in writing to do so, but then reneged, swearing instead to delete the code.

Plaintiff claims breach of contract and promissory estoppel. Defendant seeks to dismiss both claims under Federal Rules of Civil Procedure 4(m) and 12(b)(6). He also disputes that the amount in controversy is greater than $75,000 and so seeks dismissal under Rule 12(b)(1) for lack of jurisdiction under 28 U.S.C. § 1332(a).

## II. <u>LEGAL STANDARD</u>

On a motion to dismiss, all of a plaintiff's allegations are treated as true. FED. R. CIV. P. 12(b)(6); *Wigod v. Wells Fargo Bank, N.A.*, No. 11-1423, 2012 U.S. App. LEXIS 4714, at *2 (7th Cir. March 7, 2012). Complaints will survive a motion to dismiss if they contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1940.

### III. <u>ANALYSIS</u>

#### A. Subject Matter Jurisdiction

Defendant challenges Plaintiff's contention that the software at issue here is worth in excess of $75,000. If that is true, it would destroy diversity jurisdiction.

A party that chooses federal court must set out the basis of federal jurisdiction and prove any contested factual allegation. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). Uncontested claims of an amount in controversy are generally accepted unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount. *McMillian v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009). However, where the defendant challenges the plaintiff's allegation of the amount in controversy, the plaintiff must support its assertion with competent proof. *Id.* To satisfy this burden, a party must do more than point to the theoretical availability of certain categories of damages. *Id.*

In *McMillian*, defendants challenged the amount in controversy because Plaintiffs' complaint had only pled medical expenses far below $75,000. Plaintiffs responded by contending that their claims for future medical expenses and pain and suffering accounted for the rest. The District Court agreed, and found jurisdiction. The Seventh Circuit overruled, noting that plaintiffs had not submitted "competent proof" of this, such as documentary or

testimonial evidence that would show the necessity for future medical treatment, or case law examples of instances where pain-and-suffering awards actually came to amounts greater than $75,000.

Here, Plaintiff has likewise not responded with "competent proof," such as examples of proprietary software programs that are worth more than $75,000, or similar cases where juries awarded amounts greater than $75,000. Instead, she responded merely with "[i]f this [program] were successfully accomplished, and applied to, for example, the Chicago Mercantile Exchange, there is no reason that it would not meet and exceed the $75,000 jurisdictional minimum." This is not "competent proof," but theoretical postulating and a restating of the assumptions of her Complaint. Plaintiff notes that, in controversies of this type, a hearing is often called for (*Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 677 (7th Cir. 2001)), but does not request one. In fact, she affirmatively says one is not necessary.

Because Plaintiff has not responded with competent proof of the amount in controversy, the jurisdictional requirements of diversity jurisdiction are not met, and the Complaint must be dismissed.

### B. Breach of Contract

Defendant contends that Plaintiff has failed to make any allegation that the "contract" at issue was supported by consideration, and therefore the Complaint should be dismissed.

Since Plaintiff admits she did not plead consideration (Pl.'s Resp. 3), the contract claim is dismissed without prejudice.

### C. Promissory Estoppel

Defendant moves to dismiss on the premise that promissory estoppel is only an equitable, quasi-contractual remedy to unjust enrichment and is "not to be used to achieve 'a second bite at the apple' in the event that a plaintiff fails to prove a breach of contract." *Dumas v. Infinity Broadcasting Corp.*, 416 F.3d 671, 677 (7th Cir. 2005). This might hold water if it were not for the Illinois Supreme Court's subsequent affirmative statement that promissory estoppel is a recognized cause of action in its own right under common law in Illinois. *Newton Tractor Sales, Inc. v. Kubota Tractor Corp.*, 906 N.E.2d 520, 525 (Ill. 2009). Moreover, *Newton* speaks favorably of "the expanded use of the doctrine to apply to otherwise defective contracts and preliminary negotiations." *Id.* at 524.

This resolved, the Court turns to an examination of whether Plaintiff has sufficiently alleged the elements of the action. "To establish a claim, the plaintiff must prove that (1) defendant made an unambiguous promise to plaintiff, (2) plaintiff relied on such promise, (3) plaintiff's reliance was expected and foreseeable by defendants, and (4) plaintiff relied on the promise to its detriment." *Id.* at 524.

Here, Plaintiff alleged an unambiguous promise: "Cinquegrani's promise to help develop [the software]." Pl.'s Compl. 3.

She has also alleged both reliance and detriment: "De Silva was in the process of developing the software, and specifically changed programmers based upon Cinquegrani's promises to help develop it. Had Ciniquegrani not agreed to develop this software, de Silva would have found someone else to develop it." *Id.* This adequately alleges detrimental reliance. Plaintiff contends she interrupted development efforts based on Defendant's representations, and as a result is now out 100 hours of labor (*id.*) and a finished software program, which she alleges she would have obtained had she not so relied.

What is lacking is the element of expectation or foreseeability. Plaintiff did not allege that Defendant expected or could foresee that his promise would cause her to so rely on it, or that he knew he was taking her away from an affirmative course of action elsewhere. This is sufficient to dismiss the cause of action.

### D. Federal Rule of Civil Procedure 4(m)

Finally, Defendant seeks dismissal on the grounds that Plaintiff failed to serve him within 120 days of filing the complaint as required by Federal Rule of Civil Procedure 4(m).

Defendant first raises this objection to the complaint in his reply brief.

"Arguments raised for the first time in the reply brief are waived." *Baumann v. Global Finishing Solutions, LLC,* No. 08-C-760, 2009 U.S. Dist. LEXIS 71070, at *2, n.2 (W.D. Wis. 2009) (citing *Nelson v. LaCrosse County District Attorney*, 301 F.3d 820, 836 (7th Cir. 2002)). Accordingly, the Court disregards this argument, which is fortunate for Defendant's counsel, since the argument's chutzpah brings it dangerously close to violating Rule 11(b)(2)'s prohibition against frivolous arguments. As counsel no doubt knows, Rule 4(m) also decrees that if a plaintiff shows good cause for a failure to serve a defendant, the court "*must* extend the time for service." (Emphasis added.)

Counsel's dissection of Plaintiff's October 26, 2011 Motion for Leave to Attempt Alternate Service shows that he is, or should be, familiar with its contents. In that motion, Plaintiff represented that she had accidentally been copied on an August 18, 2011 e-mail (well within 60 days of filing, let alone 120) from Defendant to his attorney showing that Defendant was refusing to allow his attorneys to accept service, and calling the Complaint "frivolous."

The Motion went on to say that Defendant, for the sole purpose of dodging service, was refusing process servers and U.S. Marshals entry into his gated community. *See Masco Corp. v. Prostyakov*, 09-

C-500, 2009 U.S. Dist. LEXIS 96712, at *16-17 (S.D. Ind. 2009) (noting that "the fact that [defendant] . . . has purposefully evaded or refused service . . . serves as no basis for finding that [plaintiff] has not effectively served him." The court noted that where there is no dispute over whether the defendant's attorney informed him of the lawsuit and its subject, evasion of service "will not be rewarded by this court issuing a determination that the service which was effected did not comport with his due process rights." *Id*.

Similarly, the alleged e-mail here shows Defendant was familiar with the lawsuit and its contents. This Court likewise refuses to reward Defendant for his recalcitrant evasion of service. For counsel to make this argument without at least refuting Plaintiff's contentions is irresponsible at best.

Defendant also implies that Plaintiff committed fraud upon the court in the October 26, 2011 Motion by citing the filing date as June 27, 2011, when, in fact, it was June 23, 2011. Defendant implies that Plaintiff did so in order to bring her motion within Rule 4(m)'s 120-day limit. But as Defendant's own filing admits, the motion was filed five days after the 120-day time period. The erroneous date shaves just four days off the clock, which still has Plaintiff filing at Day 121, and so was unlikely an attempt to so deceive the Court. In any event, Plaintiff had appeared in Court well before the 120-day period expired (July 19, 2011), seeking to

enlist the help of U.S. Marshals in the hopes that they would be more successful than private process servers.

## IV. CONCLUSION

Because Plaintiff has not responded with "competent proof" to the Defendant's contention that the amount in controversy does not exceed $75,000, the Court dismisses this case without prejudice for lack of subject matter jurisdiction under 28 U.S.C. § 1332. The Court additionally finds that Plaintiff has failed to state a claim upon which relief can be granted for either breach of contract or promissory estoppel, and so dismisses under Federal Rule of Civil Procedure 12(b)(6).

Because the Seventh Circuit has recognized that leave to amend should be freely given, and deficiencies here might be remedied by repleading, the Complaint is dismissed without prejudice. *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 690 (2004). Plaintiff has thirty (30) days from the date of entry of this order to replead or face dismissal with prejudice.

**IT IS SO ORDERED.**

                                               Harry D. Leinenweber, Judge
                                               United States District Court

**DATE:** 4/12/2012