# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 4259 | DATE | 9/12/2012 |
| CASE TITLE | de Silva vs. Cinquegrani | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss [27] is granted in part and denied in part. Status hearing set for 10/17/2012 at 9:00 a.m.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Before the Court is Defendant's motion to dismiss Plaintiff's First Amended Complaint ("FAC"). For the following reasons, the motion is granted in part and denied in part.

The Court presumes the reader's familiarity with its ruling in this case on April 12, 2012 dismissing Plaintiff's original complaint. *See de Silva v. Cinquegrani*, 2012 U.S. Dist. LEXIS 51256 (N.D. Ill. April 12, 2012), ECF No. 25. Accordingly, a bare minimum of facts will be repeated here. Plaintiff alleges Defendant promised to help her develop her proprietary algorithms into software. The goal was to develop software capable of predicting changes of volatility in the trading markets. The parties had a falling out and Defendant refused to return Plaintiff's information or the software he had developed to that point. In her original complaint, Plaintiff pled breach of contract and promissory estoppel, as she does here. The Court dismissed the original complaint without prejudice because Plaintiff did not allege consideration necessary to support a breach of contract claim. In regards to estoppel, Plaintiff failed to allege that her reliance on Defendant's promise to develop the software was expected or foreseeable by the Defendant. The Court also dismissed on Rule 12(b)(1) grounds because Defendant contested that damages could amount to $75,000 and Plaintiff did not respond with competent proof of the value of the claim.

The Court first addresses the jurisdictional issue. Plaintiff has supplemented her allegations regarding the value of the software. Her prior allegations were based solely on unsupported contentions that the completed software could easily sell for $75,000, and Defendant challenged those assertions. In her FAC, Plaintiff now alleges that "Cinquegrani has stated that he spent well in excess of $300,000 in programming resources on this project." *Id*. at 4. She also contends "[r]eprogramming the algorithms into software costs well in excess of $75,000." *Id*. Defendant does not dispute these facts; he only disputes that the completed software could sell for $75,000. The Court agrees that Plaintiff's continued assertion that the completed software could sell

for a fortune, without reference to similarly priced programs or offers to buy, is unpersuasive in the face of Defendant's challenge. But Plaintiff's new complaint has now additionally valued the software with regards to what it costs to create it, and Defendant has not challenged these new assertions. "A good-faith estimate is acceptable if it is plausible and adequately supported." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763. The burden on the party seeking jurisdiction "is a pleading requirement, not a demand for proof." *Id.* Because Defendant has not challenged the contention, and because Plaintiff has used Defendant's own estimation of what it costs to develop the software (which is a reflection of how much Plaintiff would be damaged if she has to re-create it elsewhere), this is a plausible allegation of value. The jurisdictional requirement has been met.

In regards to the contract claim, the Court agrees that Plaintiff still has not pled consideration adequately. That is, she has not alleged Defendant received a promise of something of value. "[T]o state a colorable breach of contract claim [a plaintiff] must allege four elements: (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Kirgan v. FCA, LLC*, 838 F. Supp. 2d 793, 797 (C.D. Ill. 2012) (citing *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). Because Plaintiff alleges an oral contract, she must establish that the offer was clear and definite and supported by adequate consideration. *Id.* (citing *Taylor v. Canteen Corp.*, 69 F.3d 773, 782 (7th Cir. 1995)). In her first amended complaint, Plaintiff again alleges that Defendant promised her he would help develop the software for her. For the first time, Plaintiff alleges that she "stated that she was willing to pay for the work." That is very different than stating one *will* pay for the work. The FAC does not allege that Defendant then accepted the offer to pay. Indeed, Plaintiff's careful parsing of language seems to indicate that the promise to develop the software was unconnected to the willingness to pay. There is no *quid pro quo* pled, and the contract action fails again.

The promissory estoppel effort, however, fares better. To establish a promissory estoppel claim, a plaintiff must allege (1) a defendant made an unambiguous promise to plaintiff; (2) plaintiff relied on such promise; (3) plaintiff's reliance was expected and foreseeable by defendants; and (4) plaintiff relied on the promise to her detriment. *Newton Tractor Sales, Inc. v. Kubota Tractor Corp.*, 906 N.E.2d 520, 525 (Ill. 2009). As stated in the Court's first ruling, Plaintiff met elements 1, 2 and 4. Plaintiff's FAC now alleges that "[a]t all times, [Defendant] expected and could foresee that his promise to create the software based upon de Silva's algorithms caused her to chose [sic] Cinquegrani as a programmer rather than other programmers." FAC at 3. Defendant alleges this language is merely conclusory, and this would be a colorable argument if it were all that Plaintiff alleged. However, Defendant ignores that Plaintiff also pled that she stressed to Defendant that time was of the essence because potential buyers were interested in the program. She also pled that the promise took her away from other potential programmers and that "[s]he explained all of this to Cinquegrani at the time that the parties negotiated the matter, and through subsequent e-mail conversations." *Id.* These are adequate allegations of foreseeable reliance.

Finally, Defendant argues that the laws of copyright prohibit Plaintiff's suit. Defendant argues that because he is the author of the software (rather than the underlying algorithms), he is its rightful owner and Plaintiff has no claim to it. While the Court agrees that copyright law may well come into play in this case, it does not short-circuit Plaintiff's suit at the pleading stage. Copyright ownership may well end up being pled as an affirmative defense, or perhaps a counterclaim against Plaintiff, but plaintiffs do not have to anticipate affirmative defenses in their complaints. *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). A court may, however, dismiss a complaint if an affirmative defense is plain from the face of a complaint. *Id.* Here, Plaintiff here has alleged she spent over 100 hours in development of the software, which suggests at least co-authorship of the software, making dismissal inappropriate without more factual development.

| **STATEMENT** |
|---|
| The motion to dismiss is granted with regards to the contract claim but denied as to the jurisdictional issue and the promissory estoppel claim. |